UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MORTIMER HETSBERGER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ESSEX COUNTY CORRECTIONAL FACILITY, <u>et al.</u>,**<br><br>**Defendants.** | <u>**Civil Action No. 2:21-cv-09322-BRM-CLW**</u><br><br><u>**OPINION AND ORDER**</u> |

    This matter comes before the Court on <u>pro se</u> Plaintiff's motion for the appointment of pro bono counsel, ECF No. 2, which has been referred to the undersigned by the Honorable Brian R. Martinotti. For the reasons set forth below, Plaintiff's application is DENIED WITHOUT PREJUDICE.

    Plaintiff alleges that while he was incarcerated as a pretrial detainee, Defendants failed to accommodate his disability by housing him in a cell on a second-floor upper bunk, notwithstanding a doctor's order prescribing more easily accessible conditions of confinement. Plaintiff alleges physical injuries due to such conditions and sued under 28 U.S.C. § 1983 and the Americans with Disabilities Act (the "ADA"). ECF No. 1. Concurrent with his complaint, Plaintiff filed the instant request for pro bono counsel. ECF No. 2.

    It is settled that there is no constitutional right to counsel in a civil action. <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498 (3d Cir. 2002) (citing <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, the Court may request—though not require—an attorney to represent a civil litigant. <u>Id.</u> (citing 28 U.S.C. § 1915(e)(1)); <u>see also</u> <u>Christy v. Robinson</u>, 216 F. Supp. 2d 398, 406 n.16 (D.N.J. 2002) (same) (citing <u>Mallard v. United States Dist. Court for S. Dist. of Iowa</u>, 490 U.S. 296, 301-02 (1989)). Although the Court has broad discretion to determine whether the

appointment of counsel in a civil matter is appropriate, the Court "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458).

To determine whether to appoint counsel for an indigent litigant in a civil case, the Court first must make a threshold assessment of the merit of the case to determine whether there is "some arguable merit in fact and law." Id. at 498-99 (citing Parham, 126 F.3d at 457); Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (same). If some such merit is found, the Court should then consider: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. Tabron, 6 F.3d at 156-57. Courts will only appoint pro bono counsel where most of these factors are met. Krider v. Heron, 2007 U.S. Dist. LEXIS 57432, at *3 (D.N.J. Aug. 3, 2007) (citing Parham, 126 F.3d at 461).

Concerning the threshold issue, the Court finds Plaintiff has presented "some arguable merit in fact and law." Montgomery, supra. Judge Martinotti has screened Plaintiff's complaint under a Rule 12(b)(6) standard, and while one portion of the complaint was dismissed, Plaintiff's claim against the individual defendants for deliberate indifference to his medical needs and ADA claim were permitted to proceed. ECF No. 4.

Moving, then, to the first Tabron factor, Plaintiff states flatly that he lacks the ability to present his case effectively. ECF No. 2 at 3. Plaintiff does not, however, present any specific evidence indicating that he is incompetent, illiterate, or insufficiently educated to state his claims, and his complaint and completion of the pro bono counsel application suggest that he is sufficiently

literate and competent. Moreover, Plaintiff's lack of legal training is common to pro se litigants and insufficient to warrant appointment of counsel. Krider, 2007 U.S. Dist. LEXIS 57432, at *5.

The remainder of the factors do not compel a different conclusion. The relevant areas of the law are not uniquely complex, nor does Plaintiff suggest (or the Court find) impediments to discovery that would foreclose investigation into Plaintiff's allegations. See id. (when fact discovery involves obtaining information from interrogatories and documents, such as prison and medical records, a plaintiff may engage in discovery without counsel). Plaintiff's application does not reference credibility determinations, and at this early stage of proceedings the Court cannot draw any inferences about the nature of the factual disputes that may arise. Plaintiff does state that his case will require expert testimony; however, there is no indication from the record that this is the case. Finally, while the fact that Plaintiff qualified for IFP status, ECF No. 3, indicates that he cannot afford representation, this factor alone does not justify appointment of pro bono counsel. See, e.g., Christy, 216 F. Supp. 2d at 410-11 (denying application where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel").

For the reasons stated, Plaintiff's application for appointment of pro bono counsel [ECF No. 2] is **DENIED WITHOUT PREJUDICE**. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff via certified mail, return receipt requested.

Dated: September 5, 2021

                                                                                  */s/ Cathy L. Waldor*
                                                                                  Cathy L. Waldor, U.S.M.J.